IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

THOMAS PEREZ, )
SECRETARY OF LABOR, )
UNITED STATES DEPARTMENT OF LABOR, )
)
    Plaintiff, )
)
v. ) Civil Action No. 2:14cv516
)
)
HPR Medical Services, LLC., )
and )
RENEE MCCRAE., individually, )
)
    Defendants. )

FILED
OCT 10 2014
CLERK, US DISTRICT COURT
NORFOLK, VA

## COMPLAINT

Plaintiff, Thomas Perez, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin the Defendants, HPR Medical Services, LLC., and Renee McCrae., individually and as owner of HPR Medical Services, LLC., (hereinafter "the Defendants") from violating the provisions of Sections 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the former or current employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C.§ 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant HPR Medical Services, LLC., is and, at all times hereinafter referenced, was registered as a corporation in Virginia under the ownership of Ms. Renee McCrae. HPR Medical Services, LLC. provides nurses and aides to patients requiring in-home nursing care in addition to providing some limited nursing services to individuals living in group home facilities. HPR Medical Services LLC has a place of business located at 468 S. Independence Blvd., Virginia Beach, Virginia, which is within the venue and jurisdiction of this Court.

III.

Defendant Renee McCrae is and, at all times hereinafter referenced, was the owner of HPR Medical Services, LLC. She does business and/or resides in Virginia Beach, VA, with mailing addresses of 925 LaGrange Bend, Virginia Beach, Virginia and/or 468 S. Independence Blvd., Virginia Beach, Virginia, which are within the venue and jurisdiction of this Court. She directs the work of the Defendants' employees, hires employees and determines their rates of pay. She acts directly or indirectly in her interest and in the interest of HPR Medical Services, LLC., in relation to Defendants' employees at all times relevant herein. Accordingly, she is an employer under Section 3(d) of the Act.

IV.

Defendants carryout a common business purpose of providing nursing services to their clients. The business activities of the Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

V.

At all times relevant herein, Defendants has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as specialized equipment including, but not limited to, gloves, medications, wheelchairs, hospital beds, breathing machines, cleaning materials and office supplies. Further at all times relevant herein, Defendants has had an annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section3(s)(1)(A) of the Act.

VI.

1. During the period since February 20, 2011 (the time period covered by this complaint), Defendants employed individuals as "Registered Nurses" and/or "Licensed Practical Nurses" (collectively, the "Employees"). The Employees were assigned by Defendants to work in private homes and/or group home facilities to provide nursing services. The Employees listed in the attached Schedule A were employed by the Defendants as either Registered Nurses and/or Licensed Practical Nurses, during the time period covered by this Complaint.

2. During the period since February 20, 2011, Defendants paid the Employees on a straight time hourly basis for all hours worked, including those hours worked in excess of forty (40) in a workweek and did not compensate these Employees in accordance with Section 7 of the Act in work weeks in which an employee worked over forty (40) hours.

3. During the period since February 20, 2011, the Employees identified in Schedule A worked as employees of the Defendants. The Defendants exercise control over the Employees' work, including but not limited to giving assignments to the Employees, scheduling

the Employees and supervising the Employees. The Defendants determine the Employees' hourly rate of pay, and the Employees have no opportunity to exercise business judgment and /or opportunity to impact their profit or loss. The services provided by the Employees are integral to the Defendants' business of providing nursing services to its clients. The Employees work primarily for the Defendants in long term employment relationships. The Employees have negligible expenses related to the work they perform and do not make any significant investment in tools or equipment required to perform their work.

4. During the period since February 20, 2011, the Employees routinely worked in excess of 40 hours per workweek. By its practice of treating the Employees as independent contractors and only paying Employees straight time for all hours worked, Defendants failed to compensate Employees for hours worked in excess of 40 hours per workweek at an overtime rate of one and one-half times the regular rate of pay due to each such Employee as required by Section 7 of the Act. The amount of weekly overtime payment owed to each Employee varies depending on the number of hours the Employee actually worked.

VII.

During the period since February 20, 2011, the Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing the Employees identified in Paragraph VI and in the attached schedule A for workweeks longer than 40 hours per week without compensating said Employees at rates not less than one and one-half times the applicable regular rates due to those employees for those hours worked in excess of 40 hours in a workweek.

VIII.

In 2007, Defendant McRae was informed by the United States Department of Labor's Wage and Hour Division that the practice of classifying and compensating individuals as

independent contractors under conditions similar to those described in Paragraph VI nos. 3 and 4 violated section 7 of the Act. Accordingly, the Defendants knowingly and willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing the Employees identified in Paragraph VI and in the attached schedule A for workweeks longer than 40 hours per week without compensating said Employees at rates not less than one and one-half times the applicable regular rates due to those employees for those hours worked in excess of 40 hours in a workweek.

IX.

During the period since February 20, 2011, Defendants continually violated the provisions of the Act as alleged in paragraphs VI through VIII above. A judgment permanently enjoining and restraining the violations herein alleged (including restraining of withholding of overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

X.

As a result of the violations alleged in paragraph VI through VIII above, amounts are owed for hours worked in excess of forty (40) hours per week at a rate of one-half times the regular rate of pay for the Employees named in Schedule A attached to Plaintiff's Complaint. Additional amounts may be due to other employees employed by the Defendants as Registered Nurses and Licensed Practical Nurses whose identities are not now known to the Plaintiff.

XI.

A judgment granting recovery of said amounts referred to in paragraph X, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, as well as Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating Sections 7 and 15(a)(2) of the Act;

2. For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Schedule A (additional overtime compensation and/or liquidated damages may be owed, for the period covered by this Complaint, to certain present and former employees who were or are employed by Defendants as Registered Nurses or Licensed Practical Nurses and who are presently unknown to Plaintiff);

3. In the event liquidated damages are not awarded under Section 16(c) of the Act, for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants and the Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of overpayment compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

4. For an Order granting such other and further relief as may be necessary and appropriate.

.

Respectfully submitted,

M. Patricia Smith
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Douglas N. White
Associate Regional Solicitor

Elizabeth Lopes Beason
Regional Counsel

Anh T. LyJordan
Attorney

*/s/ J. Matthew McCracken*
BY: J. Matthew McCracken
Attorney
U.S. Department of Labor
Office of the Regional Solicitor
1100 Wilson Boulevard, 22nd Floor West
(202) 693-9377

VA Bar No. 31475

U.S. DEPARTMENT OF LABOR
Attorneys for Petitioner